GOODWIN and others vs. HAMILL and others.

A sale to a creditor, under an execution issued on a confessed judgment obtained by him in good faith to secure his debt, will not be set aside in favor of a creditor who had commenced suit against the debtor before he confessed such judgment, in the absence of evidence that the creditor to whom judgment was confessed, participated in the debtor's design, by giving him the preference, to defeat the creditor who had commenced suit. That the debtor himself intended, by giving the preference, to defeat such creditor, is immaterial.

On final hearing, on pleadings and proofs.

*Mr. H. Richards*, for complainants.

*Mr. B. A. Vail*, for defendants, Oakley & Co.

THE CHANCELLOR.

The facts disclosed by the pleadings and proofs in this case are, that Isaac Thorn, being indebted to the complainants, and also to the defendants, Oakley & Co., for goods sold and delivered, and being in embarrassed pecuniary circumstances, confessed a judgment to the latter for their debt. The former had commenced a suit against him for the recovery of their claim. Oakley & Co.'s judgment was entered on the 13th of June, 1872, and on the same day a *fieri facias de bonis et terris* was duly issued thereon, and duly recorded and delivered to the sheriff of Union county. The complainants' judgment was entered on the 23d of July, 1872, and a *fieri facias de bonis et terris* was on that day duly issued thereon, and recorded and delivered to the same sheriff. Both writs being in the sheriff's hands, he levied under them, and under another one of like character, against Thorn, at the suit of another creditor, on the 28th of September, 1872, on certain real estate of Thorn in Rahway, and subsequently sold the premises under the executions, to Oakley. The property

was, at the time of the entry of the judgments and of the sale, subject to three mortgages, one of which had been given by Thorn to his brother-in-law, William Hamill; Oakley & Co. became the owners of one of the other two, after the sheriff's sale. The bill prays that the mortgage to Hamill may be declared fraudulent and void as against the creditors of Thorn; that an account may be taken of the amount due on the other mortgages, and the priority between them established; that Oakley & Co. may account for the rents and profits, so that the amount may be credited on that one of the last mentioned mortgages which they now own; that the complainants may be permitted to redeem those mortgages, and that the mortgaged premises may be sold to raise the redemption money; that the sheriff's sale to Oakley may be set aside as against the complainants, and that the deed given to the former by the sheriff for the property may be cancelled and the premises sold, under the order of this court, free from all encumbrances; and that out of any surplus which may remain after paying the last mentioned two mortgages, the complainants may be paid the amount of their judgment, and interest and costs, and that then, out of the residue, if any, Oakley & Co. may be paid the amount of their judgment, with interest and costs.

The fairness of the sale is not questioned. The complainants' claim to the relief they seek must be based on the assumption that the judgment of Oakley & Co. was fraudulent as against the creditors of Thorn. But the proof, by no means, authorizes the conclusion that that judgment was not in all respects *bona fide*, or that so far as Oakley & Co. were concerned, it was designed to defeat, hinder, delay, or defraud the creditors of Thorn. On the other hand, there can be no doubt that they were *bona fide* creditors of Thorn; that they were anxious to secure their debt, and that they obtained the judgment for that purpose, and with that object alone. Whether Thorn intended, by giving this preference, to defeat the complainants, who had sued him, in getting their money, or not, is a matter of no concern, provided Oakley & Co. did

not participate in the design, and there is no evidence that they knew of any such intention.

The complainants, having failed to establish fraud as against Oakley & Co., have no claim to the relief they seek. The bill must be dismissed, with costs.